FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375



13 CV 0579

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

STEVEN TRIMMER on behalf of himself and all others similarly situated,

    Plaintiff,

-against-

BARNES & NOBLE, INC. and BARNES & NOBLE BOOKSELLERS, INC.,

    Defendants.

---

**CLASS ACTION COMPLAINT**

JAN 2 5 2013

Plaintiff Steven Trimmer ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers, salaried Assistant Store Managers (hereinafter "ASM"), who work or have worked at Barnes & Noble nationwide.

2. According to Barnes & Noble's 2012 Annual Report, the Company operates 691 retail locations, with 46 being located in New York. For the fiscal year 2012, Barnes & Noble's consolidated revenues were $7.1 billion and their Retail segment's sales were nearly $4.85 billion.

3. Barnes & Noble "cultivates a culture of outgoing, helpful and knowledgeable employees." Barnes & Noble states in its' 2012 form 10-K that, "each Barnes and Noble store

generally employs a store manager, two assistant store managers, a café manager and approximately 40 full and part-time booksellers," and "[t]he large employee base provides the Company with experienced booksellers to fill new positions in [Barnes & Noble's] stores."

4. At Barnes & Noble, ASMs are required to provide customer service while on duty. Rather than managing and supervising the bookstore, ASMs spend the majority of their shifts assisting customers find merchandise, operating the cash register, and assisting the café area.

5. ASMs typically earn under $50,000 per year.

6. In or around June 2010, Barnes & Noble reclassified their ASMs as non-exempt from the overtime provisions of Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). After the reclassification, however, Plaintiff's primary duties did not change.

7. Prior to the reclassification, regardless of the number of hours worked, ASMs did not receive overtime compensation.

8. Defendants classified all ASMs as exempt from overtime pay.

9. ASMs' primary duties are customer service and are similar to the duties performed by hourly employees.

10. ASMs should have always been classified as non-exempt from the overtime provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.* and NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

11. Upon information and belief, Defendants applied the same employment policies, practices, and procedures to all ASMs nationwide.

12. Plaintiff brings this action on behalf of himself and similarly situated current and former ASMs Nationwide who elect to opt-in to this action pursuant to the FLSA, and specifically, the

collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

13. Plaintiff also brings this action on behalf of himself and all similarly situated current and former ASMs in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

**Plaintiff**

### Steven Trimmer

14. Steven Trimmer ("Trimmer") is an adult individual who is a resident of Brooklyn, New York.

15. From in or around October 2007 to January 8, 2013, Trimmer was employed by Defendant as an ASM at the Barnes & Noble store located at 97 Warren St, New York, New York 10007.

16. As an ASM, Trimmer frequently performed the functions of an hourly bookseller.

17. Trimmer frequently worked over 40 hours per week. On average he worked 45 to 50 hours per week with a maximum of approximately 60 hours per week during the busy seasons.

18. Pursuant to Barnes & Noble's policy and pattern or practice, Barnes & Noble did not pay Trimmer premium overtime pay when he worked as an ASM for their benefit in excess of 40 hours in a workweek.

19. Trimmer is a covered employee within the meaning of the FLSA and the NYLL.

20. A written consent form for Trimmer is being filed with this Class Action Complaint.

**Defendant**

**Barnes & Noble, Inc.**

21. Barnes & Noble, Inc. ("B&N") has owned and/or operated the Barnes & Noble bookstores during the relevant period.

22. B&N is a foreign business corporation organized and existing under the laws of Delaware.

23. Upon information and belief, B&N's principal executive office is located at 122 5th Avenue, New York, NY 10011-5602.

24. B&N is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

25. At all times relevant, B&N maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

26. B&N applies the same employment policies, practices, and procedures to all ASMs at the Barnes & Noble bookstores, including policies, practices, and procedures with respect to the payment of overtime compensation.

27. Upon information and belief, at all times relevant, B&N's annual gross volume of sales made or business done was not less than $500,000.00.

**Barnes & Noble Booksellers, Inc.**

28. Barnes & Noble Booksellers, Inc. ("B&N Booksellers") has owned and/or operated the Barnes & Noble bookstores during the relevant period.

29. B&N Booksellers is a foreign business corporation organized and existing under

the laws of Delaware.

30. Upon information and belief, B&N Booksellers' principal executive office is located at 122 5th Avenue, New York, NY 10011-5602.

31. At all times relevant, B&N Booksellers has been the corporate entity listed on Plaintiff's paychecks and W-2 forms.

32. B&N Booksellers is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

33. At all times relevant, B&N Booksellers maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

34. B&N Booksellers applies the same employment policies, practices, and procedures to all ASMs at the Barnes & Noble bookstores, including policies, practices, and procedures with respect to the payment of overtime compensation.

35. Upon information and belief, at all times relevant, B&N Booksellers' annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

36. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

37. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

38. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

39. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as ASMs at Barnes & Noble bookstores nationwide, who elect to opt-in to this action (the "FLSA Collective").

41. Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated ASMs.

42. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

43. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

44. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

   (b) willfully misclassifying Plaintiff and members of the FLSA collective as exempt from the protections of the FLSA; and

   (c) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

45. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

- 6 -

46. Plaintiff and the FLSA Collective perform or performed the same primary duties.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

48. There are many similarly situated current and former ASMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

49. Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings the Second Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an Assistant Store Manager and similar employees at Barnes & Noble bookstores in New York between January 25, 2007 and the date of final judgment in this matter (the "Rule 23 Class").

51. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

52. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

53. Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

54. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

55. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b) whether Defendants failed to compensate Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c) whether Defendants misclassified Plaintiff and the Rule 23 Class;

(d) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(e) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the NYLL;

(f) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

56. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as ASMs at Barnes & Noble. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked and to be paid overtime wages. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

57. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

58. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

59. This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

60. Throughout his employment with Defendants, Plaintiff and the members of the FLSA Collective and the Rule 23 Class (collectively "Class Members") consistently worked more than 40 hours per week.

61. Plaintiff's duties were assigned to him by his superiors.

62. Defendants were aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet Defendants failed to pay overtime compensation for hours worked over 40 in a workweek, prior to in or around June, 2010.

63. Defendants did not keep accurate records of hours worked by Plaintiff – Plaintiff's hours are not recorded on paystubs, and Plaintiff was not required to clock in or out, or otherwise record his time, prior to in or around June, 2010.

64. Plaintiff and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:

    a. assisting customers find merchandise,

    b. handle returns and exchanges,

    c. make reading recommendations to potential customers,

    d. up-selling Barnes and Noble products to customers,

    e. cleaning and operating the cash register in the café area,

    f. stocking shelves; and

    g. operating the cash register.

65. Plaintiff and Class Members spent the majority of their time assisting customers and performing the same tasks as the hourly employees.

66. Plaintiff and Class Members' duties did not differ substantially from the duties of non-exempt hourly employees.

67. Plaintiff and Class Members' primary job duties as ASMs did not include:

   a. Hiring;

   b. Firing;

   c. Scheduling; and

   d. Disciplining other employees.

68. Plaintiff's primary duty was not directly related to Defendants or Defendants' customers' management or general business operations and did not include the exercise of discretion and independent judgment regarding matters of significance. In that regard, Plaintiff:

   a. was not involved in planning Defendants' long or short term business objectives;

   b. could not formulate, affect, implement or interpret Defendants' management policies or operating practices;

   c. did not carry out major assignments that affected Defendants' business operations;

   d. did not have authority to commit Defendants in matters that have significant financial impact; and

   e. could not waive or deviate from Defendants' established policies or procedures without prior approval.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

71. Plaintiff has consented, in writing, to be a party to this action, pursuant to 29 U.S.C. § 216(b).

72. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

74. Defendants are an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

76. Defendants have failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they are entitled under the FLSA.

77. Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its' compensation of Plaintiff and other similarly situated current and former employees.

78. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

79. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

80. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

83. At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees and Defendants have been their employer within the meaning of the NYLL.

84. Plaintiff and the Rule 23 Class are covered by the NYLL.

85. Defendants employed Plaintiff and the Rule 23 Class as an employer.

86. Defendants have failed to pay Plaintiff and the Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

87. Defendants failed to pay Plaintiff and the Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

88. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Rule 23 Class.

89. Defendants' violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

90.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all ASMs and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Barnes & Noble. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.  Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

G.  Prejudgment and post-judgment interest;

H.  An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

I.  Reasonable attorneys' fees and costs of the action; and

J.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       January 25, 2013

                                        Respectfully submitted,

                                        /s/ Brian S. Schaffer
                                        _____
                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Joseph A. Fitapelli
                                        Brian S. Schaffer
                                        Frank J. Mazzaferro
                                        475 Park Avenue South, 12th Floor
                                        New York, New York 10016
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiff and*
                                        *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against Barnes & Noble and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2. By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

STEVEN M. TRIMMII
Full Legal Name (Print)

