USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/20/15

# F&S
**Fitapelli and Schaffer, LLP**

475 Park Avenue South, 12th Floor • New York, New York 10016

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

*[Handwritten note: Plaintiffs' Counsel should support the fee application with an affidavit and contemporaneous billing records. See Scott v. City of New York, 626 F.3d 130, 133-34 (2d Cir. 2010) (per curiam).]*

April 7, 2015

*[Handwritten: So ordered. /s/ John G. Koeltl U.S.D.J. 4/17/15]*

**VIA E-MAIL**
Hon. John G. Koeltl, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

Re: *Trimmer v. Barnes & Noble, Inc., et al.* No.: 13 Civ. 0579 (JGK)

Dear Judge Koeltl:

We represent Plaintiffs in the above-referenced matter. We write this letter in response to the Court's Order dated April 6, 2015. As discussed in the joint submission, attorneys' fees and costs were only negotiated after a settlement in principle had been reached for the three Plaintiffs. Pursuant to the retainer agreement and consent forms, our clients were aware that F&S could elect to seek court awarded attorney's fees, if lodestar exceeded 33% of recovery. Moreover, all clients were advised verbally of our intention to negotiate attorney's fees separately during negotiation. Most importantly, none stated that the ultimate result was unfair or unreasonable.

Although some courts have commented that all wage and hour cases are "simple," misclassification cases, such as the instant matter, are among the most complex and labor intensive in the area. Knowledgeable defendants often vigorously litigate misclassification cases through summary judgement and beyond - due to the very real possibility of victory by demonstrating entitlement to an exemption or unmanageable variation between class members. My office prosecuted the *Trimmer* case on a purely contingent manner, assuming all the risks assocatated with pursuing such a case. In a similar assistant manager exemption case that my firm is litigating against Chipotle Mexican Grill, the docket currently lists 951 entries for a case filed in 2012. *See Scott v. Chipotle Mexican Grill, Inc.*, No. 12 CV 08333 (ALC)(SN) (S.D.N.Y. Nov. 15, 2012). In fact, in the instant matter we were able to defeat summary judgment; that decision was cited by Judge Netburn as precedential in the *Chipotle* case. The Court in *Chipotle* found that, "[n]otice of misclassification in one state certainly speaks to an employer's good faith belief in maintaining the misclassification of other states .... Information about Chipotle's decision to classify California apprentices as non-exempt while maintaining an exemption

classification for all other states in plainly relevant to defendant's Eleventh and Twelvth Affirmative Defenses." *See Scott v. Chipotle Mexican Grill, Inc.*, 2014 WL 7236907 at *9-10 (S.D.N.Y. Dec. 18, 2014). Here, if Defendants' summary judgment motion would have been granted, the firm would have recovered nothing and would have lost almost $4,000 in out of pocket expenses.

Pursuant to the retainer agreement executed by Steven Trimmer,[1] a scenario where attorney lodestar exceeds 33% of net recovery was both contemplated and specifically addressed. The relevant potion of the *Trimmer* retainer states as follows:

> "F&S will receive, after deduction and reimbursement of costs and expenses, the greater of (a) 33% of the net proceeds, whether through settlement, final judgment or arbitrator's award in this matter, or (b) the full amount of any Court-awarded or arbitrator-awarded attorneys' fees. For these purposes, "net proceeds" means the gross pre-tax recovery (including any award of attorneys' fees and the value of any benefits received) less any unrecovered disbursements. The fee set forth in this Agreement is not set by law, but is negotiable between F&S and Client."

Similarly, the consent forms signed by opt-ins Philbin and Meyer,[2] contemplate and address this same scenario:

> "By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable."

By negotiating attorneys' fees separately with Defendants, F&S elected court-awarded fees, rather than the percentage of the gross settlement amount. In a very recent decision, Judge Garufis relied on F&S' retainer and consent to sue forms in awarding the firm a 1/3 contingency fee plus expenses in approving an FLSA settlement. *See Calle v. Elite Speciality Coatings Plus, Inc.*, No. 13 CV 6126 (NGG)(VMS), 2014 WL 6621081 at *2 (E.D.N.Y. November 21, 2014).

---

[1] If the Court determines that viewing the entire retainer is necessary, we respectfully request that we be permitted to submit the same under seal.

[2] Docket Nos. 3 and 30.

Our initial demand for attorneys' fees and costs was in the amount of $279,290, representing $275,495 in attorneys' fees[3] and $3,795 in costs (filing fee, service of process, travel and deposition transcripts). This demand was supported by contemporaneous billing records which were furnished to the Defendants. Since the time that Plaintiffs' made their demand for attorneys' fees, I have billed another 9.1 hours, and continue to bill time which the firm will not be compensated for. This additional time would be compensable. *See Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 156 (2d Cir. 2009) (remanding for district court to determine fees on fees); *see also Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999) (plaintiffs entitled to recover fees for post-judgment motions and time spent on fee application).

A chart showing the rates, hours and expenses are as follows:

ATTORNEYS FEES:

| Brian Schaffer | $500 | 288 | $144,000 |
|---|---|---|---|
| Joseph Fitapelli | $500 | 49.60 | $24,800 |
| Frank Mazzaferro | $300 | 133.50 | $40,050 |
| Andrew Kimble | $300 | 205.80 | $61,740 |
| Nicholas Melito | $225 | 9.80 | $2,205 |
| Jeffrey Dorfman | $175 | 14 | $2,450 |
| John Roffe | $125 | 2 | $250 |
| TOTAL: | | | $275,495 |

After a lengthy negotiation, the parties agreed to settle fees based on the following reduced billing rates:

| Brian Schaffer | $400 | 288 | $144,000 |
|---|---|---|---|
| Joseph Fitapelli | $400 | 49.60 | $24,800 |
| Frank Mazzaferro | $250 | 133.50 | $40,050 |
| Andrew Kimble | $250 | 205.80 | $61,740 |
| Nicholas Melito | $225 | 9.80 | $2,205 |
| Jeffrey Dorfman | $75 | 14 | $2,450 |
| John Roffe | $75 | 2 | $250 |
| TOTAL: | | | $223,270 |

In addition to the $56,020 reduction in attorneys' fees, we also agreed to waive the $3,795 in costs. The rates agreed-upon by the parties are lower than the rates approved by Magistrate Judge Ellis in a recent class action settlement, *Sukhnandan v. Royal Health Care of Long Island, LLC*, No. 12 Civ. 4216 (WHP)(RLE), 2014 U.S. Dist. LEXIS 105596 (S.D.N.Y. July 31, 2014). The fee petition in the *Sukhnandan* matter was filed on December 18, 2013.

---

[3] Complete contemporaneous billing records, can also be submitted to the Court, if requested.

Honorable John G. Koeltl, U.S.D.J.
April 7, 2015
4 | Page

Recently F&S has requested $500 as the partner rate in class action fee petitions, which have been accepted for lodestar cross-check purposes. *See Monzon v. 103W77 Partners, LLC*, No. 13 CV 5951 (AT), Docket No. 47, p.17 (S.D.N.Y. Feb. 18, 2015). These fee petitions are premised in part on the fact that the rates sought are billed to paying clients[4]. In fact, the F&S partner rate negotiated for in this case was only $50 per hour higher than the $350 per hour rate F&S partners were awarded for a fee petition submitted in 2011. *See Anthony v. Franklin First Financial*, 844 F. Supp. 2d 504 (S.D.N.Y. 2012).

Finally, as the Court may recall, the reasonableness of the settlement was addressed in the joint submission to the Court dated April 1, 2015. In that regard, while the attorneys' fees negotiated outweigh Plaintiffs' recovery, Plaintiffs' counsel should not be penalized because the attorneys' fee may appear to be disproportionate. "The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiffs' recovery." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011).

### Firm Background and Experience

F&S has significant experience prosecuting wage and hour class and collective actions, with settlements totaling over $30 million. I have prosecuted wage and hour cases that have been certified as class actions with F&S being appointed class counsel, including: *Fernandez v. Legends Hospitality, LLC*, No. 152208/2014, NYSCEF No. 32 (N.Y.Sup.Ct. Jan. 14, 2015); *Espinoza v. Wanrong Trading Corp.*, No. 13 Civ. 1727 (FB), ECF No. 33 (E.D.N.Y. December 23, 2014); *Flynn v. N.Y. Dolls Gentlemen's Club*, No. 13 Civ. 6530 (PKC)(RLE), 2014 WL 4980380 (S.D.N.Y. Oct. 6, 2014); *Flores v. One Hanover, LLC*, No. 13 Civ. 5184 (AJP), ECF No. 40 (S.D.N.Y. June 9, 2014); *Bonilla v. A-1 First Class Viking Moving & Storage, Inc.*, No. 151136/2013 (EAR), NYSCEF No. 79 (N.Y.Sup.Ct. May 20, 2014); *Simsek v. New York State Catholic Health Plan, Inc.*, No. 11 Civ. 5393 (FB)(JMA), 2014 U.S. Dist. LEXIS 22979 (E.D.N.Y. Feb. 14, 2014); *Diombera v. The Riese Organization, Inc.*, No. 12 Civ. 8477 (RJS)(HP), ECF No. 73 (S.D.N.Y. Oct. 21, 2013); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (WHP)(RLE), 2013 WL 4734818 (S.D.N.Y. Sept. 3, 2013); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013); *Tiro v. Pub. House Investments, LLC*, No. 11 Civ. 7679 (CM), 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013); *Ryan v. Volume Services America, Inc.*, No. 652970/2012 (MLS), 2012 N.Y. Misc. LEXIS 932 (N.Y.Sup.Ct. Mar. 7, 2013); *Chang v. BD Stanhope, LLC*, No. 10 Civ. 8577 (TPG), ECF No. 48 (S.D.N.Y. Nov. 15, 2012); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835 (PAE), 2012 WL 4748101 (S.D.N.Y. Oct. 4, 2012); *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 2775019 (S.D.N.Y. July 6, 2012); *Matheson v. The Glazier Group, Inc.*, No. 09 Civ. 4212 (DAB), 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011); and *O'Dell v. AMF Bowling Centers, Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142 (S.D.N.Y. Sept. 18, 2009).

I have prosecuted wage and hour cases that have been certified as FLSA collective actions, including: *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015); *Gomez v. All City Remodeling, Inc.*, No. 14 Civ. 2966 (GHW), ECF No. 30 (S.D.N.Y. Oct. 17, 2014); *Juarez v. 449 Restaurant Inc.*, No. 13 Civ. 6977 (AJN), 2014 WL

---

[4] This rate is billed to current paying clients.

3361765 (S.D.N.Y. July 2, 2014); *Espinoza v. Sky City Apartments, LLC*, No. 14 Civ. 2368 (ER) Docket No. 10 (S.D.N.Y. July 1, 2014); *Carpenter v. Paige Hospitality Group, LLC*. No. 13 Civ. 4009 (GBD), Docket No. 35 (S.D.N.Y. Nov. 11, 2013); *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013); *Jones v. Sho Riki, Inc.*, No. 13 Civ. 2837 (TPG), Docket No. 11 (S.D.N.Y. July 18, 2013); *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC)(SN), Order (S.D.N.Y. June 20, 2013); *Ritz v. Mike Rory Corp.*, No. 12 Civ. 367 (JBW)(RML), Order (E.D.N.Y. Apr. 17, 2013); *Novozhilova v. God Save The King, LLC*, No. 12 Civ. 7572 (RA), Docket No. 16 (S.D.N.Y. Dec. 14, 2012); *Roman v. The Dinex Group, LLC*, No. 11 Civ. 6156 (AKH), Docket No. 53 (S.D.N.Y. Nov. 28, 2012); *Sorman v. Aurora Catering, Inc.*, No. 12 Civ. 3226 (KBF), Docket No. 23 (S.D.N.Y. Aug. 28, 2012); *Hidalgo v. New York State Catholic Health Plan, Inc.*, No. 11 Civ. 4673 (FB)(JMA), Docket No. 39 (E.D.N.Y. June 20, 2012); *Salomon v. Adderley Indus., Inc.*, No. 11 Civ. 6043 (PAC), 2012 WL 716197 (S.D.N.Y. Mar. 6, 2012); *Karic v. The Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219 (E.D.N.Y. 2011); *Carver v. CFR2, LLC*, No. 11 Civ. 03738 (S.D.N.Y. 2011); *Rivera v. Morales*, No. 11 Civ. 02567 (S.D.N.Y. 2011); *Wulff v. 17th Street Entertainment II LLC*, No. 10 Civ. 2559 (CM)(JCF), Docket No. 17 (S.D.N.Y. May 27, 2010); *Tezuka v. E. Ochi, Inc.*, No. 09 Civ. 10140 (S.D.N.Y. 2009); and *Levine v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, No. 09 Civ. 304 (S.D.N.Y. 2009).

I received a Juris Doctor degree (dean's list) from New York Law School in 2003. I was admitted to the bar of the State of New York in 2004, and I am also admitted to the bars of the Second Circuit Court of Appeals and the United States District Courts for the Eastern and Southern Districts of New York. I am a member in good standing of each of these bars. I became a partner of F&S in January 2008. Prior to starting F&S, I was employed by The Law Firm of Louis Ginsberg, P.C., a firm that specializes in the representation of individuals in employment law. Thereafter, I was employed by two civil litigation firms in Manhattan, Freiberg & Peck, LLP and Weiner, Millo & Morgan, LLC. Since starting F&S in 2008, I have exclusively represented plaintiffs in employment litigation and other employee rights matters. I am a member of the National Employment Lawyers Association ("NELA") and NELA's New York Chapter. In addition to being a member of NELA, I have also served as a panelist at CLE presentations for wage and hour issues. I have frequently been contacted by the media and the press to discuss current employment law related issues, and was a contributing editor to the ABA's 2015 FLSA treatise. In connection with my work, I regularly read Law 360, employment law blogs, and all wage and hour decisions in the Second Circuit.

Joseph A. Fitapelli became a partner of F&S in January 2008. Mr. Fitapelli graduated from Saint Francis College in 1998 and received a J.D. from New York Law School in 2001. Prior to starting F&S, Mr. Fitapelli was employed by Abrams, Gorelick, Friedman & Jacobson, P.C., and Weiner, Millo & Morgan, LLC, two well-respected civil litigation firms in Manhattan. Mr. Fitapelli is licensed to practice law in the State of New York and is admitted in the Southern and Eastern Districts of New York, as well as the Second Circuit Court of Appeals. Mr. Fitapelli has successfully argued cases in the New York State Appellate Division, First and Second Departments. Mr. Fitapelli is an active member of NELA and its New York affiliate. He currently serves as lead or co-lead counsel on a number of national class and collective actions. Mr. Fitapelli has been a panelist at the New York County Lawyers' Association and is currently scheduled to be a panelist at two upcoming NELA seminars relating to FLSA practice.

Frank Mazzaferro has been employed at F&S since September 2010 as an intern (2010 to 2011), law clerk (2011), and associate (2011 to present). Mr. Mazzaferro graduated from the State University of New York at Fredonia in 2006, and New York Law School in 2011. While in Law School, Mr. Mazzaferro served as a member of the New York Law School Moot Court Association where he was elected the Association's Wagner Chair and ran New York Law School's employment law competition. In Addition, Mr. Mazzaferro served as a Staff Editor of the Media Law and Policy Journal where his work focused on the relationship between emerging technologies and employment law. Mr. Mazzaferro is licensed to practice law in the State of New York and the Southern and Eastern Districts of New York.

Andrew Kimble was employed as an associate at F&S from February 2013 to April 1, 2014. Mr. Kimble graduated from the University of Dayton in 2007, and the Benjamin N. Cardozo School of Law in 2011, *cum laude*. Prior to joining F&S, Mr. Kimble was an associate at Valli Kane & Vagnini LLP, where he exclusively represented plaintiffs in employment litigation and other employee rights matters – specializing in class/collective actions. Mr. Kimble is licensed to practice law in the State of New York and the Southern and Eastern Districts of New York.

Nicholas Melito has been employed at F&S since January 2012 as an extern (2012 to May 2012), law clerk (June 2012 to May 2013), and associate (2013 to present). Mr. Melito graduated from Molloy College in 2007, and New York Law School in 2013. While in Law School, Mr. Melito was a member of the Center for Business and Financial Law. Mr. Melito is licensed to practice law in the State of New York and the Southern and Eastern Districts of New York.

Given that attorneys' fees and costs were negotiated separately and after an agreement had been reached on behalf of the three plaintiffs, and the negotiation was amongst experienced counsel during an arms-length negotiation, we believe the Court should approve the requested fees.

We thank the Court for its consideration.

Respectfully Submitted,

Brian S. Schaffer

cc: Counsel of Record (via E-mail)