

Davis Wright
Tremaine LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/21/15

27th Floor
1633 Broadway
New York, NY 10019-6708

Lyle S. Zuckerman
212.603.6452 tel
212.489.8340 fax

lylezuckerman@dwt.com

April 1, 2015

*The Settlement Agreement is fair and reasonable. This action is dismissed with prejudice in accordance with the terms of the settlement agreement. The Clerk is directed to close this case. So ordered.*

*/s/ JGKoeltl*
*5/21/15  U.S.D.J.*

**By E-Mail**
The Honorable John G. Koeltl
United States District Judge
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Steven Trimmer, et al. v. Barnes & Noble, Inc., et al., Case No. 13 Civ. 579

Dear Judge Koeltl:

This firm represents defendants Barnes & Noble, Inc. and Barnes & Noble Booksellers, Inc. (collectively, "B&N") in the above-referenced action. We write jointly with plaintiffs' counsel in response to Your Honor's request for a submission addressing the fairness of the settlement reached by the parties.

By way of background, plaintiffs Steven Trimmer, Eileen Philbin and Craig Meyer worked as Assistant Store Managers ("ASM") at B&N during a period when B&N classified its ASMs as exempt from the overtime provisions of wage and hour laws. Plaintiffs are alleging that they were misclassified as exempt under the Fair Labor Standards Act ("FLSA") and Trimmer makes an identical claim under the New York Labor Law ("NYLL"). On March 17, the parties advised the Court that they reached a settlement in principle regarding Trimmer, Philbin and Meyer,[1] and anticipated submitting a stipulation of dismissal of the action with prejudice by April 17. At present, the parties are making the final revisions to the formal settlement.

The parties respectfully submit that, in light of the proceedings and discovery conducted to date, the course of the negotiations in reaching this settlement, and the parties' respective risks attendant to further litigation, the terms under which the parties propose to settle this matter are eminently fair and reasonable and should be approved.[2]

---

[1] This case was brought as a putative collective and class action, but no class has been certified.

[2] The parties have agreed that this submission shall be deemed "for settlement purposes only," and nothing contained herein shall be admissible evidence or otherwise used for any purpose in this action (other than related to the settlement approval process).

Anchorage   New York   Seattle
Bellevue    Portland   Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

April 1, 2015
Page 2

"When reviewing an FLSA settlement that does not involve a certified class, the court typically examines the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." The court also considers whether the settlement is the result of arms' length negotiation conducted in good faith by counsel with significant experience litigating wage and hour suits. *Carrasco v. J.A. Health Trends Corp.*, No. 14 Civ. 2358, 2014 U.S. Dist. LEXIS 169590, at *4 (E.D.N.Y. Dec. 8, 2014) (internal citations omitted).[3]

This case has been extensively briefed to the Court, which is well aware of the complexity of the action and the likely time and expense that the parties will incur in additional discovery and proceeding to trial. Each of the plaintiffs will be required to establish that his/her primary duty was non-exempt where, as here, the circumstances of their employment were different: they worked in different types of retail stores, had different duties, and reported to different store managers (who, in turn, reported to different regional managers). Each plaintiff also must individually establish his/her working hours because no time records exist (as B&N classified them as exempt). Accordingly, the Court will effectively be required to conduct three "mini-trials," each of which will require a liability and damages phase. Discovery regarding one of the plaintiffs has not commenced, and it is not complete with respect to the other two.

Next, the risks to plaintiffs in proceeding to trial are not insubstantial. As set forth in B&N's memorandum of law in support of their motion for summary judgment, there is significant evidence that: (i) Trimmer's and Philbin's primary duty qualifies them both for the administrative and executive exemptions;[4] and (ii) even if they are not exempt, B&N's classification decision does not constitute a willful violation of the FLSA. In the event that a jury does not find willfulness, then *the FLSA claims of all three plaintiffs will be time-barred.*

---

[3] In determining whether an FLSA settlement is fair and reasonable, a court should evaluate whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008). The primary concern, of course, is an employer's ability to coerce its employees into an unreasonable settlement and waiver. Here, however, that concern does not exist with respect to two of the three plaintiffs (Trimmer and Meyer), as they are no longer employed by B&N. *Terrero v Compass Group USA, Inc*, No. 14 Civ. 8129, 2014 U.S. Dist. LEXIS 169833 (S.D.N.Y. Dec. 8, 2014) (holding that concerns of coercion "are not as relevant when the plaintiff no longer works for the defendant").

[4] In addition, Philbin's co-ASM provided sworn testimony in this action that she primarily engaged in managerial duties which support her exempt status.

Moreover, even in the event that the Court grants plaintiffs' motion for conditional certification under the FLSA, plaintiffs will still have to defeat a motion to decertify the collective action at the close of discovery. *See, e.g., Ruiz v. Citibank*, No. 10 Civ. 7304, 2015 U.S. Dist. LEXIS 34489 (S.D.N.Y. Mar. 19, 2015) (decertifying a collective action brought on behalf of personal bankers). Plaintiffs do not want to take on such risk. With respect to damages, plaintiffs face an uphill battle proving that they worked the dates and hours they claimed to have worked, and that they are entitled to liquidated damages under the FLSA and NYLL.

Finally, the terms of the settlement are eminently fair and reasonable, and were reached after weeks of extensive arms-length negotiations by experienced wage and hour litigation counsel. The plaintiffs will be compensated for three hours of alleged overtime in each applicable work week, plus full liquidated damages under the FLSA and NYLL. From B&N's perspective the plaintiffs are receiving compensation which they are not owed, in whole or in part, because they were properly classified as exempt, but even if they were not, they did not work in excess of 40 hours per week. From plaintiffs' perspective, they are receiving a total payment which covers more than their purported overtime wage rate for virtually all of the hours they claimed to have worked, plus applicable liquidated damages. This compromise is more than fair and reasonable.

With respect to attorneys' fees, plaintiffs' counsel produced (for settlement purposes only) information documenting the hours each attorney spent working on this action and their hourly rate. The parties negotiated reasonable hourly rates based on recent judicial decisions in the Southern and Eastern Districts, including an hourly rate for Mr. Schaffer (who is primarily responsible for this matter), which is $25/hour lower than he received in a recent settlement that was approved by Magistrate Judge Ellis, and equal to or lower than the fees Magistrate Judge Ellis approved for Mr. Schaffer's partner, associates and law clerks. *See Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2014 U.S. Dist. LEXIS 105596 (S.D.N.Y. July 31, 2014). Critically, we note that attorneys' fees were not discussed until *after* the parties reached agreement on the settlement payment to plaintiffs.

We thank the Court for its consideration.

Respectfully submitted,

Lyle S. Zuckerman

cc: Brian Schaffer, Esq. (by e-mail)